UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH FOSTER BEY,
ET AL.,
          Plaintiffs,

v.                                                  Case Number: 05-71318

JOHN S. RUBITSCHUN, ET AL.,          HON. MARIANNE O. BATTANI

          Defendants.
_____/

**ORDER DENYING PLAINTIFFS' PETITION FOR ORDER TO SHOW
CAUSE AND OBJECTIONS TO DEFENDANTS' FIRST PROGRESS REPORT**

      For the reasons stated on the record at the hearing held on November 19, 2008, Plaintiffs' Petition for Order to Show Cause and Objections to Defendants' First Progress Report is **DENIED.** Based upon the evidence provided, it appears to this Court that the Parole Board is proceeding in a manner that is compliant with the First Remedial Order. It has completed interviews with 208 prisoners falling into the first quartile, and Defendants' counsel has indicated to the Court that the next two executive sessions will involve only prisoners from the class. Although the Parole Board's vote of no interest in those prisoners who previously had been recommended for public hearing gives the Court pause, it declines to measure compliance solely on any disagreement with recommendations or disparity between the recommendations of previous boards and the current one. Nevertheless, when the Parole Board interviews prisoners with such prior recommendations, the written reasons for no interest should account for the disparity in detail.

Because compliance with the First Remedial Order is a labor intensive process, and the Board is presently short staffed, the Court will grant Defendants additional time to complete the process with the first quartile. Interviews are to be resumed no later than **January 12, 2009.** Further, the Declaratory Judgment and First Remedial Injunctive Order established August 17, 2008, as the date by which Defendants shall have compiled a second quartile list. It is not clear whether that task has been completed, but there is no reason for further delay if that is the case.

**IT IS FURTHER ORDERED** that those 29 members who were dropped from the first quartile as ineligible for parole shall be interviewed before members identified as belonging in the second quartile, provided the member has served the mandatory minimum on his consecutive sentence. For purposes of this litigation, a member begins serving the mandatory minimum after completing ten years of incarceration on the nonmandatory life sentence. This calculation takes into account the fact that parole eligibility for nonmandatory lifers sentenced for a crime committed before October 1, 1992, is governed by Mich. Comp. Laws § 791.234 (7) (a), which requires a prisoner to serve 10 calendar years before being subject to the jurisdiction of the parole board. All 29 prisoners have met this criterion inasmuch as each was sentenced before October 1, 1992. Plaintiffs have represented to this Court that 29 members of the first quartile have been excluded from consideration based on subsequent sentences. According to Plaintiffs, despite the fact that these prisoners can never serve a minimum term on their nonmandatory life sentences, Defendants rely on § 791.234(3) as governing. The provision reads:

> (3) If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

Id.

Defendants do not argue their position on the merits. Instead, they ask the Court to abstain from deciding the issue pursuant to Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941) (holding that federal courts typically should abstain where the resolution of a federal constitutional issue may be rendered irrelevant by the determination of a predicate state-law question).

The Court declines to abstain because here, to the extent the provision is read to govern members of the class, it not only converts a nonmandatory life sentence to a life sentence, it redefines the class. Although the Court does not have the benefit of hearing the reasoning underlying Defendants' reading, it finds that jurisdiction does exist over these prisoners in the event the mandatory minimum has been served on the consecutive sentence.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' petition. Defendants are to resume interviews no later than **January 12, 2009**, and shall interview any members of the first quartile who have served the minimum term on the consecutive sentence before members in the second quartile.

**IT IS FURTHER ORDERED** that Plaintiffs shall receive the files of all prisoners receiving a no interest vote by the Parole Board.

The next hearing is set for **May 14, 2009, at 2:00.** Defendants shall submit a progress report on or before **April 30, 2009.**

**IT IS SO ORDERED**.


                s/Marianne O. Battani
                MARIANNE O. BATTANI
                UNITED STATES DISTRICT JUDGE

Dated: December 5, 2009


**CERTIFICATE OF SERVICE**

Copies of this Order were served upon all counsel on this date by ordinary mail and/or electronic filing.

                s/Bernadette M. Thebolt
                Deputy Clerk